1  Jared Robinson Smith (SBN 130343)
   Law Office of Jared Robinson Smith
2  1626 Merritt Drive
   Novato CA 94949
3  Tel: (415) 828-7986
   Fax: (415) 276-2368
4  Email: jaredrsmith@yahoo.com
5
   Attorney for Plaintiffs
6

FILED
OCT 11 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

HRL

7              UNITED STATES DISTRICT COURT
8              NORTHERN DISTRICT OF CALIFORNIA
9                    San Jose Division

10 | LESSIE JAMES, individually and ) Case No: C 05 4125
11 | SHEISHA LEOPOLD and CATIA )
12 | GOODE, individually and on Behalf of ) COMPLAINT FOR EMPLOYMENT
   | All Others Similarly Situated ) DISCRIMINATION, RACIAL
13 |                              ) DISCRIMINATION, HARASSMENT, AND
   |       Plaintiffs             ) RETALIATION IN VIOLATION OF (1) TITLE
14 |                              ) VII OF THE CIVIL RIGHTS ACT OF 1964, 42
   |                              ) U.S.C. § 2000e, et seq.; (2) 42 U.S.C. § 1981; (3)
15 | vs.                          ) BREACH OF CONTRACT (4) WRONGUL
16 | CAREER SYSTEMS DEVELOPMENT   ) DISCHARGE IN VIOLATION OF PUBLIC
   | CORPORATION aka JOB CORPS,   ) POLICY, (5) INTENTIONAL INFLICTION OF
17 |                              ) EMOTIONAL DISTRESS;
   |       Defendants             ) AND
18 |                              ) CLASS ACTION COMPLAINT FOR
   |                              ) RACIAL DISCRIMINATION, HARASSMENT,
19 |                              ) AND RETALIATION IN VIOLATION OF (6) 42
20 |                              ) U.S.C. § 1981; (6) UNRUH ACT CALIFORNIA
   |                              ) BUSINESS & PROFESSIONS; (7)
21 |                              ) INTENTIONAL INFLICTION OF EMOTIONAL
   |                              ) DISTRESS
22 |                              )
   |                              ) DEMAND FOR JURY TRIAL
23 |                              )

24

25     Plaintiffs LESSIE JAMES, SHEISHA LEOPOLD and CATIA GOODE bring this action

26 against CAREER SYSTEMS DEVELOPMENT CORPORATION AKA JOB CORPS, on behalf

27 of themselves, all others similarly situated and the general public, and allege upon information

28

COMPLAINT                          - 1 -

and belief, except as to their own actions, the investigation of their counsel and the facts that are a matter of public record, as follows:

## I. OVERVIEW

1.	This action arises out of the pervasive ongoing, racial discrimination, harassment and retaliation by defendant, by and though its agents, against plaintiffs individually and in their representative capacities, in employment of plaintiff LESSIE JAMES and in providing educational and employment training services funded by State and Federal funds to plaintiffs SHEISHA LEOPOLD and CATIA GOODE individually and in their representative capacities.

2.	Plaintiff LESSIE JAMES is an African American Woman who was an employee of defendant CAREER SYSTEMS DEVELOPMENT CORPORATION at the San Jose Job Corps Center until her wrongful and retaliatory discharge on or about June 13, 2005.

3.	Plaintiff SHEISHA LEOPOLD is an African American Woman who was a program participant at the San Jose Job Corps Center from approximately May, 2003 to July, 2004 holding positions of responsibility until she was wrongfully demoted and ultimately compelled to quit the program as a result of the racially discriminatory treatment and hostile environment created or allowed by defendant at the San Jose Job Corps Center.

4.	Plaintiff CATIA GOODE is an African American Woman who was a program participant at the San Jose Job Corps Center from approximately April, 2003 to February, 2004, holding positions of responsibility until she was wrongfully demoted and ultimately compelled to quit the program as a result of the racially discriminatory treatment and hostile environment created or allowed by defendant at the San Jose Job Corps Center.

5.	Despite years of consistent notice, requests, advocacy and providing opportunities to change, defendant, rather than take any action to correct the pervasive discriminatory conduct at Job Corps, chose to terminate plaintiff LESSIE JAMES on or about June 13, 2005, approximately one year after plaintiffs SHEISHA LEOPOLD and CATIA GOODE were compelled to leave the program at Job Corps due to the racially discriminatory treatment and hostile environment they experienced at the San Jose Job Corps Center.

COMPLAINT	- 2 -

## II. THE PARTIES

6. Plaintiff LESSIE JAMES ("JAMES") is a citizen of the State of California and the United States of America who maintains a residence in Santa Clara County, California.

7. Plaintiff SHEISHA LEOPOLD ("LEOPOLD") is a citizen of the State of Indiana and the United States of America who maintains a residence in Indiana.

8. Plaintiff CATIA GOODE ("GOODE") is a citizen of the State of California and the United States of America who maintains a residence in Santa Clara County, California.

9. Defendant CAREER SYSTEMS DEVELOPMENT CORPORATION ("CSDC") is a Delaware Corporation with its principal place of business located at 75 Thruway Park Drive, Suite 100, West Henrietta, NY 14586. Plaintiffs are informed and believe and thereon allege that CSDC owns and operates the San Jose Job Corps Center ("Job Corps") located at 3485 East Hill Drive, San Jose, CA 95127-2920, which is within this judicial district.

## III. JURISDICTION AND VENUE

10. This case is subject to original jurisdiction in this court pursuant to 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 2000e-5(f) This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000e et seq. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by (a) 42 U.S.C. § 2000e et seq., providing for injunctive and other relief against racial discrimination in employment and (b) 42 U.S.C. § 1981, providing for the equal rights of all persons in every state and territory within the jurisdiction of the United States. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391 because this District is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV. CLASS ACTION ALLEGATIONS

11. Plaintiffs SHEISHA LEOPOLD and CATIA GOODE bring this action as a class action pursuant to C.C.P. §382 and Civ. Code §1781, on behalf of themselves and the following Class:

COMPLAINT                                                                -3-

All African American persons or who have participated in the San Jose Job Corps Center program operated by defendant CSDC from 1998 to the present.

12. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiffs estimate that there are over one hundred (100) members of the Class.

13. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

- Whether the Class member experienced racially discriminatory treatment during his or her participation San Jose Job Corps Center program.

- Whether CSDC was aware of the pervasive racially discriminatory treatment during Class member's participation San Jose Job Corps Center program.

- Whether CSDC took any action to remedy the pervasive racially discriminatory treatment of Class members in San Jose Job Corps Center program.

- Whether CSDC breached its contractual obligations to Class members by failing to take any action to remedy the pervasive racially discriminatory treatment of Class members in San Jose Job Corps Center program.

- Whether CSDC violated any laws in failing to take any action to remedy the pervasive racially discriminatory treatment of Class members in San Jose Job Corps Center program.

- Whether, as a result of CSDC's misconduct and failure to act, Plaintiffs and the Class are entitled to damages, restitution, equitable relief and/or other damages and relief, and, if so, the amount and nature of such relief.

14. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class and are subject to no unique defenses.

15. Plaintiffs will fairly and adequately protect the interests of the Class and have retained attorneys experienced in class and complex litigation.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

- It is economically impractical for each member of the Class to prosecute individual actions.

COMPLAINT        - 4 -

- The Class is readily definable.

- Prosecution as a class action will eliminate the possibility of repetitious litigation.

- A class action will enable claims to be handled in an orderly and expeditious manner.

- A class action will save time and expense and will ensure uniformity of decisions.

- Plaintiffs do not anticipate any difficulty in the management of this litigation as a class action.

17. Santa Clara County, California, as the site of the San Jose Job Corpse Center and the place where all significant racially discriminatory conduct took place, is the center of gravity for this action such that it is appropriate and consistent with existing law to certify the class of Job Corps program participants proposed in the Complaint to be litigated in this District.

18. Certification of such a class under the laws of California is appropriate because:

- CSDC is a corporation conducting substantial business in California.

- A significant number of Class members reside in the State of California.

## V. SUBSTANTIVE ALLEGATIONS

19. JAMES was hired by CSDC in or about December 1996 for the position of Residential Advisor.

20. Plaintiff JAMES has been subjected to racially discriminatory treatment and retaliation to which non-African America co-workers were not subjected, including, but not limited to, the following:

    (a) Unwarranted verbal reprimands from supervisor

    (b) Unprofessional threats from supervisor

    (c) Forced to complete the job duties of other employees

    (d) Management allowing students to disregard plaintiff's directives

COMPLAINT - 5 -

(e) Annual review downgraded in order to reduce raise, rather than accurately reflecting plaintiff's job performance

(f) Denied right to park in handicapped parking even with permit

(g) Denied assistance with abusive or threatening program participants

(h) Required to work double duty without additional compensation

(i) Work audited without cause

(j) Verbally abused by supervisor

(k) Employee referrals made by plaintiff are never hired

(l) Denied medical treatment for job-related injuries

(m) Unequally limited in the sick days allowed

(n) Plaintiff's write-ups of program participants are dismissed without action

(o) Program participants instigated by other staff to write grievances against plaintiff.

21. From 1999 though 2002 plaintiff made defendant aware of the racially discriminatory conduct and treatment, including, but not limited to Department of Fair Employment and Housing and EEOC complaints, without action by defendant.

22. From 2002 though termination of plaintiff LESSIE JAMES in June, 2005 and though the present, Defendant took no action to change the ongoing racially discriminatory conduct and treatment of plaintiff LESSIE JAMES or African American students similarly situated to plaintiffs LEOPOLD and GOODE despite the efforts of plaintiffs to work through a community group, the Coalition of Concerned Citizens, appeals to City, County, State and National representatives.

23. Plaintiff, LESSIE JAMES, contact the Civil Rights division of the Department of Labor in the Spring of 2005. Shortly thereafter, Defendant terminated plaintiff LESSIE JAMES.

24. Plaintiffs LEOPOLD and GOODE were subjected to racial discrimination and harassment at the San Jose Job Corps Center, including, but not limited to the following, which are common to all Class plaintiffs:

COMPLAINT - 6 -

They were treated differently compared to non-African American program participants in the manner and severity of disciplinary write-ups imposed for similar conduct

They were treated differently compared to non-African American program participants in the manner and severity of consequences for leaving campus without permission

They were demoted from their positions as TRAs for behaviors not meriting such demotion nor imposed on other non-African American program participants

They were told that they could not seek legal recourse for the wrongful discriminatory treatment to which they were subjected, but that their only option was to leave the program

They were subjected to racial epithets and physical threats with no action taken by defendant to address the perpetrators

Their safety concerns were dismissed without action, including, but not limited to, requests to have room changes to obtain different roommates

25. Rather than taking any action to remedy the ongoing discriminatory conduct or implement employee education and training programs to eliminate racial discrimination at the San Jose Job Corps Center, defendant CSDC has ignored efforts by plaintiffs, community organizations and political representatives from the local, State and National levels to encourage change.

26. To date, defendant CSDC remains unwilling and/or unable to take any effective action to remedy the racial discrimination at the San Jose Job Corps Center.

27. CSDC's failure to act to cease racial discrimination and harassment at the San Jose Job Corps Center has been a continuous course of conduct from 1998 to the present, which plaintiffs have attempted informal conciliation.

28. CSDC's wrongful termination of plaintiff JAMES communicated clearly that any further attempts with CSDC to obtain redress and end racial discrimination and harassment at the San Jose Job Corps Center would be futile.

29. As a direct result of the racially discriminatory conduct, harassment and retaliation of defendant and defendant's failure to take action to cease such racially discriminatory conduct, harassment and retaliation at the San Jose Job Corps Center, plaintiff's have suffered damages,

COMPLAINT                                    - 7 -

including, but not limited to, loss of employment, loss of pay, loss of earning capacity, loss of educational opportunity and severe emotional distress.

30. Unless notice is provided to the Class, and actions taken to implement employee education and training programs to eliminate racial discrimination at the San Jose Job Corps Center, most other African American students will eventually suffer the same fate, at considerable emotional loss and impairment of career development of plaintiffs and those similarly situated, as plaintiffs have suffered and continue to suffer to date.

## VI. CAUSES OF ACTION

### A. First Cause of Action for Violation of Title VII of the Civil Rights Act of 1964 (JAMES v. CSDC)

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 as though set out at length herein.

32. Plaintiff is informed and believes, and thereon alleges, that on or about June 13, 2005, defendant CSDC discharged plaintiff JAMES because of such plaintiff's race and color, as alleged herein.

33. Plaintiff is informed and believes, and thereon alleges, that on or about June 13, 2005, defendant CSDC discharged plaintiff JAMES in retaliation for enforcement of her civil rights and complaining to outside agencies, as alleged herein.

34. Plaintiff is informed and believes, and thereon alleges, that throughout the course of plaintiff JAMES' employment with CSDC, CSDC discriminated against plaintiff JAMES respect to her compensation, terms, conditions, and privileges of employment, because of her race and color as alleged herein;

35. Plaintiff timely filed a charge of race discrimination with the EEOC and immediately received a right to sue notice on July 13, 2005, a true and correct copy of which is attached hereto as Exhibit A.

36. As a direct and proximate result of the Defendant, Plaintiff has suffered severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

COMPLAINT — 8 —

37. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in her capacity to earn her salary, and has lost and will continue to lose employment benefits.

38. The conduct of Defendant in discriminating against Plaintiff because of her race subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would be unable to find comparable employment in the foreseeable future. Plaintiff is informed and believes, and thereon alleges, that her termination by Defendants was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

**B. Second Cause of Action for Race Discrimination - 42 U.S.C. § 1981 (JAMES v. CSDC)**

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 of the complaint and paragraphs 32 through 37 of Plaintiff's First Cause of Action with the same force and effect as though set out at length herein.

40. Plaintiff JAMES is informed and believes and thereon alleges that defendant CSDC impaired Plaintiff JAMES' rights to perform, modify, and terminate her contract with defendant, and enjoy all benefits, privileges, terms, and conditions of the contractual relationship with defendant based on her race and color as set forth herein, including but not limited to retaliation for pursing complaints with outside agencies and political resources in protection of her civil rights;

41. As a direct and proximate result of the Defendant, Plaintiff has suffered severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

42. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been

COMPLAINT                                         - 9 -

1. damaged in her capacity to earn her salary, and has lost and will continue to lose employment benefits.

43. The conduct of Defendant in discriminating against Plaintiff because of her race subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would be unable to find comparable employment in the foreseeable future. Plaintiff is informed and believes, and thereon alleges, that her termination by Defendants was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

### C. Third Cause of Action for Breach of Contract
(JAMES v. CSDC)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 of the complaint, paragraphs 32 through 37 of Plaintiff's First Cause of Action and paragraphs 39 through 42 of Plaintiff's Second Cause of Action with the same force and effect as though set out at length herein.

45. Plaintiff is informed and believes and thereon alleges that the written/oral contract of employment with Defendant, as aforesaid, obligated Defendant to continue Plaintiff's employ for an indefinite period of time into the future and so long as Plaintiff fulfilled his duties and obligations under the contract.

46. Plaintiff performed all the duties and conditions of the employment agreement.

47. Defendants knew that Plaintiff had fulfilled all her duties and conditions under the contract.

48. Plaintiff is informed and believes and thereon alleges that Defendant breached the aforementioned written/oral contract of employment by causing Plaintiff's employ to be terminated without good, just or legitimate cause, in violation of California and Federal public policy based on her race, color and her actions to protect her civil rights.

49. As a direct and proximate result of Defendant's breach of the contract of employment, as aforesaid, Plaintiff has been deprived of the rights and benefits under the

contract including, but not limited to, continued compensation so long as Plaintiff performed all duties and conditions under the employment agreement.

50. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered the loss of contracted-for employment benefits and suffered consequential economic loss, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

D. **Fourth Cause of Action for Wrongful Termination in Violation of Public Policy**
   **(JAMES v. CSDC)**

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 of the complaint, paragraphs 32 through 37 of Plaintiff's First Cause of Action, paragraphs 39 through 42 of Plaintiff's Second Cause of Action and paragraphs 44 through 49 of Plaintiff's Third Cause of Action with the same force and effect as though set out at length herein.

52. At all times herein mentioned, Plaintiff JAMES was employed pursuant to an oral/written employment contract by Defendant, CSDC. At all times herein mentioned, Plaintiff performed his duties and obligations under the employment agreement referenced above, and Defendants, and each of them, knew Plaintiff had fulfilled all of the duties and conditions under the agreement.

53. Plaintiff is informed and believes, and thereon alleges, that Plaintiff's employment was caused to be terminated by Defendant because of, among other things, her race. Such conduct by Defendant was in violation of public policy, including, but not limited to, California Government Code §12940, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964.

54. As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employ, as aforesaid, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum to be shown according to proof.

COMPLAINT — 11 —

55. By reason of the foregoing, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage in an amount to be shown according to proof. Plaintiff is informed and believes, and thereon alleges, that she will be required to employ the services of physicians, nurses and other health care professionals in the future, in an amount to be shown according to proof.

56. By reason of the foregoing, as aforesaid, Plaintiff has been unable to engage in her employment for a time subsequent to his termination, and Plaintiff is informed and believes and thereon alleges that she will be unable to work in his usual and customary employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.

57. The conduct of Defendant in terminating Plaintiff's employment without good, just or legitimate cause and because of his race violated California public policy including, but not limited to, California Government Code §12940, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Such actions were therefore done in conscious disregard of the rights of Plaintiff to be free of racial discrimination in the workplace, among other rights secured under California law and Federal law. Plaintiff is informed and believes, and thereon alleges, that her termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

E. **Fifth Cause of Action for Intentional Infliction of Emotional Distress (JAMES v. CSDC)**

58. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 of the complaint, paragraphs 32 through 37 of Plaintiff's First Cause of Action, paragraphs 39 through 42 of Plaintiff's Second Cause of Action, paragraphs 44 through 49 of Plaintiff's Third Cause of Action and paragraphs 51 through 56 of Plaintiff's Fourth Cause of Action with the same force and effect as though set out at length herein.

59. Plaintiff is informed and believes that the actions of Defendants in causing Plaintiff's employ to be terminated in contravention of public policy and in violation of State

COMPLAINT - 12 -

and Federal statutory law, as aforesaid, were intentional, extreme, outrageous and were done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress.

60. As a direct and proximate result of the Defendant's conduct, Plaintiff has been subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

61. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered severe and serious injury to his person, all to Plaintiff's damage in a sum to be shown according to proof.

62. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in her capacity to earn her salary, and has lost and will continue to lose employment benefits.

63. The conduct of Defendant in causing Plaintiff's employment to be terminated without good, just or legitimate cause subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant that Plaintiff would be unable to find comparable employment in the foreseeable future. Plaintiff is informed and believes, and thereon alleges, that her termination by Defendant, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

F. **Sixth Cause of Action for Race Discrimination - 42 U.S.C. § 1981**
   **(LEOPOLD & GOODE v. CSDC)**

64. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 30 of the complaint, paragraphs 32 through 37 of Plaintiff's First Cause of Action, paragraphs 39 through 42 of Plaintiff's Second Cause of Action and paragraphs 44 through 49 of Plaintiff's Third Cause of Action, paragraphs 51 through 56 of Plaintiff's Fourth Cause of Action

COMPLAINT                                - 13 -

and paragraphs 58 through 62 of Plaintiff's Fifth Cause of Action with the same force and effect as though set out at length herein.

65. Plaintiffs LEOPOLD & GOODE are informed and believe and thereon alleges that defendant CSDC impaired their rights to perform, modify, and terminate her contract with defendant, and enjoy all benefits, privileges, terms, and conditions of the contractual relationship with defendant based on their race and color as set forth herein;

66. As a direct and proximate result of the Defendant, Plaintiffs suffered severe and serious injury to their person, all to their damage in a sum within the jurisdiction of this Court and to be shown according to proof.

67. As a direct and proximate result of the Defendant's conduct, Plaintiffs suffered and continue to suffer substantial losses in income, earnings, and benefits and have been damaged in their capacity to earn a salary.

68. The conduct of Defendant in discriminating against Plaintiffs because of their race subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, as it was anticipated by Defendant that Plaintiff would be unable to find comparable employment training in the foreseeable future. Plaintiffs are informed and believe, and thereon allege, that their termination by Defendants was done with an intent to cause injury to Plaintiffs. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiffs are entitled to an award of punitive damages in a sum to be shown according to proof.

G. **Seventh Cause of Action for Race Discrimination - Unruh Civil Rights Act (LEOPOLD & GOODE v. CSDC)**

69. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 30 of the complaint, paragraphs 32 through 37 of Plaintiff's First Cause of Action, paragraphs 39 through 42 of Plaintiff's Second Cause of Action and paragraphs 44 through 49 of Plaintiff's Third Cause of Action, paragraphs 51 through 56 of Plaintiff's Fourth Cause of Action, paragraphs 58 through 62 of Plaintiff's Fifth Cause of Action and paragraphs 64 through 68 of Plaintiff's Sixth Cause of Action with the same force and effect as though set out at length herein.

COMPLAINT - 14 -

70. Plaintiffs LEOPOLD & GOODE also seek to recover damages based upon a claimed violation of the California "Unruh Civil Rights Act."

71. Plaintiffs LEOPOLD & GOODE were discriminated against and deprived of the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment;

72. Plaintiffs LEOPOLD & GOODE are informed and believe and thereon allege that their race was a motivating factor for this discrimination;

73. Defendant CSDC denied or aided or incited a denial to plaintiffs of the full and equal accommodations, advantages, facilities, privileges, or services;

74. The discrimination was arbitrary; and

75. Defendant's wrongful conduct caused plaintiffs to suffer injury, damage, loss or harm as set forth herein.

## VII. Prayer for relief

76. Wherefore, Plaintiff JAMES, prays for judgment against CSDC as follows:

- Actual compensatory damages for injuries suffered by Plaintiff, including, but not limited to economic and non-economic damages.
- Punitive damages.
- Attorneys' fees and costs pursuant to statute, including, but not limited to, 42 U.S.C. Sec. 1988.
- For statutory prejudgment interest.
- For such other relief as this Court may deem just and proper.

77. Wherefore, Plaintiffs LEOPOLD & GOODE, on behalf of themselves, all others similarly situated, pray for judgment against CSDC as follows:

- An order certifying this case as a class action and appointing Plaintiffs and its counsel to represent the Class.

- Restitution and disgorgement of all amounts obtained by CSDC as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations.
- Actual damages for injuries suffered by Plaintiffs and the Class, including, but not limited to economic and non-economic damages.
- Punitive damages.
- Attorneys' fees and costs pursuant to statute, including, but not limited to, 42 U.S.C. Sec. 1988.
- An order requiring CSDC to immediately cease its wrongful conduct as set forth above; ordering CSDC to engage in a corrective employee education and training campaign; and requiring CSDC to refund to Plaintiffs and all members of the Class the funds paid to for their participation in the San Jose Job Corps Center program; and requiring CSDC to pay for reasonable attorneys' fees and costs of prosecuting this action.
- For statutory prejudgment interest.
- For such other relief as this Court may deem just and proper.

## VIII. JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: October 11, 2005

LAW OFFICE OF JARED ROBINSON SMITH

By: _____
Jared R. Smith, Esq.
Attorney for Plaintiffs

COMPLAINT                                      - 16 -

EXHIBIT A

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Lessie James**
2514 Nube Court
San Jose, CA 95148

From: **San Jose Local Office**
96 North Third Street, Suite 200
San Jose, CA 95112

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 377-2005-00676 | Hea Jung Atkins, Sr. Investigator | (408) 291-4236 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Joyce Hendy_
Joyce Hendy,
Acting Director

7-13-2005
(Date Mailed)

Enclosure(s)

cc: **JOB CORPS/CAREER SYSTEMS**
Director of Human Resources
3485 East Hills Drive
San Jose, CA 95127

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

**PRIVATE SUIT RIGHTS** --

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred more than **2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**